Richmond

BUENSON DIVISION, AERONCA, INC., ET AL.

V.

HORACE W. McCAULEY

October 10, 1980.

Record No. 791375.

Present: All the Justices.

*Nathaniel S. Newman* (*Newman and Metcalf,* on brief), for appellants.

*Brock Matthews* for appellee.

CARRICO, J., delivered the opinion of the Court.

This workmen's compensation case involves an employee's claim for additional benefits based upon a change of condition. The question for decision is whether the claim is time-barred.

The employee, Horace W. McCauley, was injured January 12, 1977, while at work as a plumber for Buenson Division, Aeronca, Inc. Pursuant to several awards of the Industrial Commission, McCauley received compensation for intermittent periods of disability during 1977. Upon the termination of the latest of these awards, McCauley returned to work. August 22, 1977, was the last day for which he was paid compensation pursuant to an award for his original injury.

At the time of McCauley's injury, § 65.1-99 of the Workmen's Compensation Act imposed a 12-month limitation period upon the filing of an application for review based upon a change of condition, the period running from the last day for which compensation was paid pursuant to an award under the Act. Effective July 1, 1977, § 65.1-99 was amended to increase the limitation period to 24 months.[1]

In January, 1979, McCauley underwent surgery for his injury.

---

[1] § **65.1-99. Review of award on change in condition.**—Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-143, 65.1-144 and 65.1-151. No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this Act, except thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56.

His application for additional benefits based upon a change of condition was filed March 27, 1979, some 19 months from the last day for which he was paid compensation for disability resulting from his original injury. The date of filing, however, was within the new 24-month limitation period.

The Commission's Division of Claims advised McCauley that his claim was barred by the 12-month limitation in effect on the date of his injury. Upon review, the full Commission held that the 1977 amendment to § 65.1-99 should be applied retroactively and that McCauley's claim, therefore, was filed timely. He was awarded additional compensation.

On appeal, Buenson argues that the 1977 amendment should not be applied retroactively and that the limitation in effect on the date of McCauley's injury should control his claim. On the other hand, McCauley urges us to uphold the Commission's retrospective application of the amendment.

In concluding that the 1977 amendment should be applied retroactively, the Commission relied upon this court's decision in *Allen* v. *Mottley Construction Co.*, 160 Va. 875, 170 S.E. 412 (1933). The *Allen* opinion shows that, prior to 1932, no time limit was imposed upon the filing of an application for review based upon a change of condition. In that year, an amendment to § 47 of the Workmen's Compensation Act, the forerunner of § 65.1-99, imposed a 12-month limitation that remained effective until the statute was amended in 1977.

Allen, the employee, was injured August 26, 1931, prior to the effective date of the 1932 amendment. Pursuant to an award of the Commission, he was last paid compensation November 10, 1931. On February 21, 1933, more than 12 months later, he filed an application for review based upon a change of condition. Under a procedure then in effect, the Commission certified to this court the question whether the 1932 amendment should be given retroactive application. In certifying the question, the Commission noted that the employer took the position that the amendment was retroactive in effect and a bar to Allen's claim. Allen argued that the statute as it read at the time of his injury should control and that his claim, therefore, was subject to no limitation.

We found that the amendment was procedural in nature, that it affected remedy only and disturbed no vested rights, and that its language evidenced retrospective intent. Accordingly, we ruled that the new limitation should be applied retroactively. Quoting from an earlier opinion of the Commission in a similar case, we said:

"The language of the act permits of no ambiguity in the fact that the context shows it was intended to apply retroactively and prospectively as to all claims arising under section 47."

160 Va. at 889, 170 S.E. at 417. We stated further:

[The amendment] provides "no such review * * * shall be made after twelve months from the date of the last payment of compensation pursuant to *an award* under this act." (Italics ours.) The legislature has placed a limitation in which the petition for review must be filed. The words "an award" are all-inclusive. If the interpretation of the statute claimed by the employee in this case should be placed upon the act, then it would be necessary for us to supply words not found in the statute; that is, such construction would make the act read "no such review * * * shall be made after twelve months from the date of the last payment of compensation [pursuant] to *any* award *hereafter made*." Such is not the language of the act. As adopted, it includes two classes of awards—those theretofore made, and those thereafter to be made. There is nothing in the phraseology that confines its operations to either past or future awards, but both are included.

*Id.* at 889-90, 170 S.E. at 417.

Buenson asserts, however, that, in *Ferguson* v. *Ferguson,* 169 Va. 77, 192 S.E. 774 (1937), this court limited *Allen* to its facts and overruled the decision "as it applied to the law generally." We disagree with Buenson that *Ferguson* overruled *Allen.*

*Ferguson* involved the application of a statutory amendment imposing a shortened limitation period upon the filing of a bill in equity to impeach a will. In the course of the discussion, *Allen* was cited and criticized. The criticism, however, was directed solely to a statement in the *Allen* opinion (160 Va. at 888, 170 S.E. at 417) indicating that remedial statutes uniformly are held to be retroactive. This statement, the *Ferguson* author opined, was both out of accord with the majority view and unnecessary to a decision of the *Allen* case.

Nothing in *Ferguson* detracts from *Allen's* holding concerning the retrospective intention expressed in the 1932 amendment to the Workmen's Compensation Act. Indeed, a close reading of *Ferguson* indicates the court considered that *Allen* fell within the class of cases properly giving retroactive effect to statutes that express retrospective intent and do not disturb vested rights.

Buenson suggests that the present case is distinguishable from *Allen* because the legislation involved there fixed for the first time a limitation period upon the filing of an application for review based upon a change of condition, while this case involves only the extension of an existing limitation period. We fail to perceive, however, why this distinction should produce a different result in the present case. Persuasive here is the fact that the new limitation period became effective before the old limitation would have barred McCauley's claim.[2] The 1977 amendment to § 65.1-99 became effective July 1, 1977, before any limitation period commenced to run on McCauley's claim; the triggering date was August 22, 1977, the last day for which McCauley was paid compensation pursuant to an award for disability resulting from his original injury.

Buenson argues further that, "unless a contrary intention is expressed in [an amendatory] statute," Code § 1-16[3] mandates that all rights or causes of action existing at the time of the amendment are to be governed by the original statute. As we have seen, however, *Allen* found such a "contrary intention" expressed in the language of the amendatory statute whose progeny is involved in this case.

Although almost half a century has passed since *Allen* was decided, the statutory language wherein this court found retrospective intent has remained unchanged. The General Assembly has not seen fit to adopt the alternative language, suggested in *Allen,* that would

---

[2] This fact distinguishes the present case from the situation presented by a petition for appeal we refused recently. In *Biller* v. *ARA-Va. Skyline Co.,* 219 Va. LIII (1978), cited by Buenson, the employee was last paid compensation for June 28, 1976. More than 12 months later, the 1977 amendment to § 65.1-99 became effective. Application for review based upon a change of condition was filed December 6, 1977. The Commission held that the claim was controlled by the 12-month limitation in effect on the date of Biller's injury, rather than by the new 24-month period. Unlike the situation here, however, Biller's claim was barred by the old limitation before the enlarged restriction became effective. To have given retroactive effect to the amendment there would have resulted in the revival of a dead claim.

[3] **§ 1-16. Repeal not to affect liabilities; mitigation of punishment.**—No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

have expressed prospective intent only. This court has relied upon *Allen* as a "decisive" example of a situation where retrospective intent is expressed in legislative language. *Duffy* v. *Hartsock,* 187 Va. 406, 417-19, 46 S.E.2d 570, 575-76 (1948). Following *Allen,* therefore, and considering the circumstances of this case, we hold that the Commission did not err in applying the new 24-month limitation period to McCauley's claim and in ruling that the claim was filed timely. This results in affirmance of the Commission's award.

*Affirmed.*