**Alexandria**

ELISE M. COHEN

v.

FAIRFAX HOSPITAL ASSOCIATION, et al.

No. 0972-90-4

Decided July 1, 1991

COUNSEL

James E. Swiger (Thacher, Swiger & Day, on brief), for appellant.

Eric J. Berghold (William L. Carey; Miles & Stockbridge, on brief), for appellees.

OPINION

**KEENAN, J.**—Elise M. Cohen appeals from a decision in which the commission denied her application for permanent partial disability benefits under Code § 65.1-56 based on its holding that Code § 65.1-55.1[1] created a substantive right, and thus, could not be applied retroactively to extend the limitation period of Code § 65.1-99.[2]

---

[1] Code § 65.1-55.1 provides:

CERTAIN WAGES CONSIDERED COMPENSATION. - All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage shall, for the sole purposes of § 65.1-99, be considered compensation.

[2] Code § 65.1-99(A) provides:

REVIEW OF AWARD ON CHANGE IN CONDITION. - Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, sub-

We hold that Code § 65.1-55.1 is procedural in nature, that it affects remedy only and disturbs no vested or substantive rights of the employer, and that it was intended to apply retroactively. Accordingly, we find that the commission erred in holding that Code § 65.1-55.1 could not be applied retroactively to permit Cohen's application to be considered on its merits.[3]

Cohen, a nurse, was injured on September 15, 1985, when she slipped on some surgical preparation solution and fell to the floor, injuring both of her knees. Fairfax Hospital Association and the Virginia Insurance Reciprocal (employer) accepted the injury as compensable, and Cohen received benefits for temporary total and temporary partial disability. On November 9, 1986, Cohen returned to work. Although she was unable to resume her pre-injury duties due to the injury to her knees, Cohen received a wage for other work which was equal to or in excess of her pre-injury average weekly wage.

On January 16, 1990, Cohen filed an application for hearing in which she requested permanent partial disability benefits pursuant to Code § 65.1-56. Her application was denied by an assistant claims examiner, who ruled that it was not timely filed, since it was filed more than three years after Cohen had last received compensation benefits for her injury. Upon requesting that her application be reconsidered based on Code § 65.1-55.1, Cohen was informed by a deputy commissioner that Code § 65.1-55.1 was inapplicable to her case, and therefore, her application for permanent partial disability benefits was barred by the three-year limitation period set forth in Code § 65.1-99.

Cohen requested a review by the full commission, which affirmed the decision of the Claims Division and held that Code §

---

ject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. . . . No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-100.3, 65.1-144 and 65.1-151. No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this Act, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56.

[3] Since we find that Code § 65.1-55.1 may be applied retroactively and remand this matter to the commission for a determination of the merits of Cohen's claim, we find that the issue whether the commission violated Cohen's due process rights when it denied oral argument on the applicability of Code § 65.1-55 is moot.

65.1-55.1 created a substantive right, and thus, could not be applied retroactively. This appeal followed.

■ The well-established general rule concerning retroactive application of statutes was set forth by the Supreme Court in *Duffy v. Hartsock*, 187 Va. 406, 46 S.E.2d 570 (1948). There, the Court stated:

> Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective and curative laws provided they do not partake of the nature of what are technically called *ex post facto* laws, and do not impair the obligation of contracts, or disturb vested rights; and provided, further, that they are of such nature as the legislature might have passed in the first instance to act prospectively.

*Id.* at 419, 46 S.E.2d at 576. The distinction between substantive provisions of law, which cannot be applied retroactively, and procedural or remedial statutes, which may be applied retroactively where a retrospective legislative intent is demonstrated, was explained in *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753 (1984). In *Shiflet*, the Supreme Court stated that substantive rights are addressed in statutes which create duties, rights, or obligations. In contrast, the Court explained that procedural or remedial statutes merely set forth the methods of obtaining redress or enforcement of rights. *Id.*

■ In order for Code § 65.1-55.1 to apply retroactively, therefore, it must be procedural in nature and affect remedy only, disturbing no substantive or vested rights. *Buenson Div., Aeronca v. McCauley*, 221 Va. 430, 432, 270 S.E.2d 734, 736 (1980); *Allen v. Mottley Constr. Co.*, 160 Va. 875, 889, 170 S.E. 412, 417 (1933). The statute must also contain an expression of retrospective legislative intent. *Buenson*, 221 Va. at 435, 270 S.E.2d at 737; *Allen*, 160 Va. at 889, 170 S.E. at 417.

Code § 65.1-55.1 allows a claimant, who is still unable to perform his pre-injury work because of a compensable injury, and yet returns to work at a wage equal to or greater than his pre-injury wage, to have his post-injury wages considered as compensation for a period of up to twenty-four months after his return to work

for the purposes of computing the limitation period set forth in Code § 65.1-99. Code § 65.1-55.1, therefore, allows a qualifying claimant to extend by up to two years the period in which he must file an application for a change in condition. A claimant such as Cohen, who is requesting permanent disability benefits pursuant to Code § 65.1-56, would be subject to a thirty-six month limitation period from the date compensation was last paid, unless he can factually qualify under Code § 65.1-55.1 for an extension of the limitation period. If the claimant qualifies under Code § 65.1-55.1, the limitation period can be extended to a maximum of five years.

In the case before us, Cohen filed an application seeking benefits pursuant to Code § 65.1-56. Assuming that her post-injury wage was equal to or greater than her pre-injury weekly wage, and that Code § 65.1-55.1 may be retroactively applied, the limitation period of Code § 65.1-99 would be extended for a period of up to five years. For purposes of our analysis here only, we accept Cohen's proffer made to the commission that she could produce evidence bringing herself within the purview of Code § 65.1-55.1.

Code § 65.1-55.1, by its express language, operates only to amplify the term "compensation" as it is used in Code § 65.1-99. Thus, the Supreme Court's analysis as to whether Code § 65.1-99 may be applied retroactively is instructive in determining whether Code § 65.1-55.1 may also be applied retroactively.

The Supreme Court addressed the issue of retroactive application of Code § 65.1-99 in *Buenson* and *Allen*. In those cases, the Court held that the amendments to the limitation period in Code § 65.1-99 were procedural in nature and affected remedy only. In *Buenson*, at the time of the claimant's injury, Code § 65.1-99 provided that a change in condition application had to be filed within twelve months after the date for which compensation was last paid. Before that twelve-month period had expired in the claimant's case, the statute was amended, extending the limitation period from twelve months to twenty-four months. Seeking to rely on the new twenty-four month limitation period, the claimant in *Buenson* argued that the amendment to Code § 65.1-99 could be applied retroactively. Based on its prior decision in *Allen*, the Supreme Court agreed.

Referencing its decision in *Allen*, the Court stated:

We found that the amendment was procedural in nature, that it affected remedy only and disturbed no vested rights, and that its language evidenced retrospective intent. Accordingly, we ruled that the new limitation should be applied retroactively.

*Buenson*, 221 Va. at 432, 270 S.E.2d at 735-36. In explaining its decision that the amendment to the statute evidenced retrospective intent, the Court quoted directly from its prior decision in *Allen*:

[The amendment] provides "no such review. . . shall be made after twelve months from the date of the last payment of compensation pursuant to *an award* under this act." The legislature has placed a limitation in which the petition for review must be filed. The words "an award" are all-inclusive. . . As adopted, it includes two classes of awards — those theretofore made, and those thereafter to be made. There is nothing in the phraseology that confines its operations to either past or future awards, but both are included.

*Id*. at 433, 270 S.E.2d at 736 (quoting *Allen*, 160 Va. at 889-90, 170 S.E. at 417) (emphasis added). The Supreme Court, in reaching its decision in *Buenson*, also pointed out: "Persuasive here is the fact that the new limitation period became effective before the old limitation would have barred McCauley's claim." 221 Va. at 434, 270 S.E.2d at 736.

■ We hold that the same analysis applies to the case before us. Code § 65.1-55.1 is procedural in nature and affects remedy only, because it operates solely to extend the limitation period of Code § 65.1-99 in cases where a claimant, who is physically unable to return to his pre-injury employment because of a compensable injury, returns to work within his capacity at a wage equal to or greater than his pre-injury wage. Thus, the language of Code § 65.1-55.1 has the same effect as if it had been added to Code § 65.1-99, namely allowing this certain class of claimants to receive an extension of the twenty-four and thirty-six months limitation periods provided in that section. Further, Code § 65.1-55.1 has no applicability, except with reference to Code § 65.1-99.

■ The employer claims, however, that Code § 65.1-99 is substantive in nature because it is a statute of repose. The employer argues that since Code § 65.1-55.1 is applicable only with refer-

ence to Code § 65.1-99, it also operates as a statute of repose and is thereby substantive in nature. First, we find that Code § 65.1-99 is not a statute of repose. As stated by this Court in *Bartholow Drywall Co. v. Hill*, 12 Va. App. 790, 407 S.E.2d 1 (1991):

> An award based on a change in condition is different from the right to recover for the injury itself; a change in condition is remedial and enlarges or diminishes a former award to meet the circumstances of a particular case. . . . Code § 65.1-99 is not jurisdictional and may be waived by the employer.

*Id.* at 793, 407 S.E.2d at 2-3 (citations omitted). Since Code § 65.1-99 is not a statute of repose, we find that the balance of the employer's argument with regard to Code § 65.1-55.1 also fails. In addition, the employer's position here is directly contradicted by the Supreme Court's holding in *Buenson* and *Allen*, where the amendments to the limitation period in Code § 65.1-99 were found to be procedural in nature, applying to remedy only.

Since Code § 65.1-55.1 applies only to the limitation period set forth in Code § 65.1-99 and does not contain within its provisions a substantive extinguishment of a cause of action, we likewise conclude that it is not a statute of repose. *See School Bd. of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 37, 360 S.E.2d 325, 327-28 (1987). Consequently, we reject the employer's argument that Code § 65.1-55.1 is substantive, rather than procedural, in nature.

We also find that retroactive application of Code § 65.1-55.1 to Cohen's case does not impair any substantive or vested rights of the employer. The provisions of Code § 65.1-55-1 became effective on July 1, 1989, approximately four months before Cohen's claim otherwise would have been barred under Code § 65.1-99. Thus, like the claimant in *Buenson*, Cohen's claim was still alive when the new statute was passed. No vested or substantive rights had accrued to the employer prior to its passage.

The case before us is distinguishable from *Brushy Ridge Coal Co. v. Blevins*, 6 Va. App. 73, 367 S.E.2d 204 (1988), relied upon by the commission. In *Brushy Ridge*, this Court held that Code § 65.1-100.1, which creates a duty in the employee to notify the employer of any change in wages and grants to the employer the

right to recover for overpayments made, was substantive in nature because it granted a new right to the employer. *Id.* at 79, 367 S.E.2d at 207. Consequently, this Court concluded that Code § 65.1-100.1 could not be applied retroactively.

In contrast, Code § 65.1-55.1 acts only to lengthen the period of time in which certain claimants can seek review of an award under Code § 65.1-99. It does not create new substantive rights, but rather, like the amendments to Code § 65.1-99 at issue in *Buenson* and *Allen*, extends procedural remedies, enabling certain claimants a longer period of access to obtain existing substantive rights.

We also find no merit in the employer's argument that *Roller v. Basic Construction Co.*, 238 Va. 321, 384 S.E.2d 323 (1989), requires a different result. In that case, the Supreme Court held that because reciprocal rights and duties do not exist until there is an injury by accident, no vested rights were abridged when a statute of limitations was changed before the accident. In reaching this holding, the Supreme Court stated that the rights of the employer and employee are fixed at the time of the injury by accident. *Id.* at 330, 384 S.E.2d at 327.

*Roller* involved an occupational disease claim where the claimant died of cancer after being exposed to asbestos in his employment. Prior to the time the diagnosis of asbestosis was communicated to the claimant, Code § 65.1-52 was amended to eliminate that part of the limitation period dealing with five years from the date of the last injurious exposure in employment. In holding that the amended statute, which contained the sole limitation period of two years from the communication of the diagnosis to the employee, applied to the claimant's case, the Supreme Court relied on the factor, unique to occupational disease claims, that an injury by accident does not occur until the date of the first communication of the diagnosis to the employee. Since the claimant in *Roller* had not been told of his disease before the statute of limitations had been amended, the Supreme Court held that an injury by accident had not occurred and thus, no vested rights had accrued to the employer before that date.

The employer claims that since Cohen's injury by accident occurred on September 15, 1985, under *Roller*, all rights of the parties were fixed at that time. We find, however, that while Cohen's

substantive rights were fixed as of the date of her injury by accident, her remedies were not. Nothing in the language of *Roller* persuades us otherwise. Further, since Code § 65.1-55.1 was enacted before Cohen's right to file for a change in condition had expired under Code § 65.1-99, no rights were vested in the employer as of July 1, 1989, the date Code § 65.1-55.1 took effect.

Finally, we hold that the language of Code § 65.1-55.1 evidences a legislative intent that it be applied retroactively. In so holding, we rely on the reasoning of the Supreme Court in *Allen*, which was reaffirmed in *Buenson*. In these cases, the term "an award," as it appeared in Code § 65.1-99, was held to evidence a retrospective legislative intent. The Court reasoned that if the legislature had intended to provide that the new limitation period applied only prospectively, it could have used the language "an award hereafter made." Similarly, in the case before us, we find that the language, "All wages," in Code § 65.1-55.1 evidences retrospective legislative intent. Had the legislature not intended that it apply retroactively, using the reasoning in *Allen* and *Buenson*, it would have instead provided, "All wages hereafter paid." Since this qualifying language was not included in Code § 65.1-55.1, this section, as written, evidences a retrospective legislative intent to include all wages, those already paid at the time of its enactment, and those thereafter paid. Accordingly, we find that Code § 65.1-55.1 must be applied retroactively to Cohen's case if she can factually establish her entitlement to rely on this section.

For the reasons stated, we reverse the commission's decision and remand this cause for reconsideration of Cohen's application consistent with the principles set forth herein.

*Reversed and remanded.*

Coleman, J., and Moon, J., concurred.