## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Finney

v.

Hearn

October 19, 1994

Case No. CL93-2478

BY JUDGE KENNETH N. WHITEHURST, JR.

The plaintiff in this action has filed a Motion to Amend her Motion for Judgment, to which defendant objects. At issue is plaintiff's request for leave to add a claim for exemplary damages pursuant to a recently enacted statute, § 8.01-44.5, which provides:

> 8.01-44.5. *Exemplary damages for persons injured by intoxicated drivers.* — In any action for personal injury or death arising from the operation of a motor vehicle, engine or train, the finder of fact may, in its discretion, award exemplary damages to the plaintiff if the evidence proves that the defendant acted with malice toward the plaintiff or the defendant's conduct was so willful or wanton as to show a conscious disregard for the rights of others.
>
> A defendant's conduct shall be deemed sufficiently willful or wanton as to show a conscious disregard for the rights of others when the evidence proves that (i) the defendant had a blood alcohol concentration of 0.15 percent or more by weight by volume when the incident causing the injury or death occurred, (ii) at the time the defendant began, or during the time he was, drinking alcohol, he knew that he was going to operate a motor vehicle, engine or train, and (iii) the defendant's intoxication was a proximate cause of the injury or death of the plaintiff.

The motor vehicle accident forming the basis for this action occurred on January 30, 1993. Plaintiff filed her Motion for Judgment seeking only compensatory damages on August 20, 1993. Code of Virginia § 8.01-44.5 was enacted July 1, 1994. Defendant argues that § 8.01-44.5 may not be applied retroactively since it affects substantive rights. Plaintiff argues that this statute only creates an evidentiary presumption and, therefore, is procedural in nature, permitting retroactive application.

"Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest." *Cohen v. Fairfax Hospital*, 12 Va. App. 702, 705, 407 S.E.2d 329 (1991), quoting *Duffy v. Harstock*, 187 Va. 406, 419 (1948). The Legislature has manifested such an intent for some statutes in Title 8.01 through the provisions of § 8.01-1: "Except as may be otherwise provided in § 8.01-256 of Chapter 4 (§ 8.01-228 et seq.) (Limitations of Actions), all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy), or (ii) may cause the miscarriage of justice."

"Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750 (1984). Thus, in order for § 8.01-44.5 to apply retroactively, "it must be procedural in nature and affect remedy only, disturbing no substantive or vested rights." *Cohen*, at 705.

Plaintiff argues that § 8.01-44.5 creates no new right since there existed at the time of subject accident a common law right to sue a defendant for exemplary damages for intoxicated driving. This is not completely accurate.

The law existing in Virginia in January, 1993, was as stated in *Baker v. Marcus*: "Evidence of intoxication may be offered to show the negligence of a driver; but in the absence of proof of one or more of the elements necessary to justify an award for punitive damages, it may not be used to enlarge an award of damages beyond that which will fairly compensate the plaintiff for the injury suffered." *Baker v. Marcus*, 201 Va. 905, 910, 114

S.E.2d 617 (1960). In other words, intoxication alone was not a sufficient basis for a claim for punitive or exemplary damages. Plaintiff also had the burden of alleging and proving other "egregious" conduct on the part of the defendant driver showing a conscious disregard for the safety of others. This rule was reiterated in the month following this accident in *Puent v. Dickens*, 245 Va. 217, 427 S.E.2d 340 (1993), and *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993).

The provisions of the first paragraph of § 8.01-44.5 simply codify the well-settled common law rule that punitive damages may be recovered if the evidence proves that the defendant acted with malice, wantonly or willfully, or with conscious disregard for the rights of others. It clearly creates no new substantive rights or obligations. If plaintiff were proceeding on that part of the statute, there would be no basis for declining to permit retroactive application of that statutory provision. However, plaintiff has indicated that it is the second paragraph in § 8.01-44.5 on which she bases her claim for exemplary damages. Plaintiff wishes to allege that defendant had a blood alcohol content of .19%, and that therefore, pursuant to this statute, she is entitled to exemplary damages.

Plaintiff characterizes the effect of the second paragraph in § 8.01-44.5 as "merely creating an evidentiary presumption that a certain level of blood alcohol . . . shall be deemed sufficiently willful or wanton as to show a conscious disregard for the rights of others." It is the court's opinion that this second paragraph does more than create an evidentiary presumption. It creates liability on the part of the defendant and a right to recovery on the part of the plaintiff that did not exist prior to the enactment of this statute. Before this statute, a driver causing an accident while having a blood alcohol content of .15%, with no other element of willful or wanton misconduct present, would not have an obligation to pay punitive damages. Similarly, the person injured by such an intoxicated driver would have no right to collect punitive damages. Now they do. The second paragraph in § 8.01-44.5 is a substantive provision and, as such, may not be applied retroactively.

The plaintiff's motion to amend her Motion for Judgment to add a claim for exemplary damages pursuant to § 8.01-44.5 is denied.