COURT OF APPEALS OF VIRGINIA


Present:  Judges Moon,[*] Willis and Elder
Argued at Richmond, Virginia


JAMES A. ROBINSON
                                            OPINION BY
v.   Record No. 0861-97-2            JUDGE NORMAN K. MOON
                                        NOVEMBER 25, 1997
TREGO STONE CORPORATION
 and NIAGARA FIRE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Brian J. Cuscé for appellant.

           James G. Muncie, Jr. (Midkiff & Hiner, on
           brief), for appellees.


     James A. Robinson suffered a compensable injury in 1989.

The commission awarded him temporary total disability benefits in

1989 but suspended that award in 1991 because of his third-party

recovery.  In 1996, Robinson applied for a new offset calculation

based on Code § 65.2-313.  Code § 65.2-313 was enacted in 1994

and requires offset calculations and proportionate payments of

litigation expenses incurred in obtaining a third-party award

which suspends, in whole or in part, an employer's workers'

compensation obligations.  Robinson noted that absent such

recalculation, he would not be entitled to additional payments of

the employer's pro rata share of his litigation expenses until he

has expended the entire third-party award.  The commission found

that the 1991 order was final and thus rejected his application.

_____
        [*]When the case was argued Judge Moon presided.  Judge
Fitzpatrick was elected Chief Judge effective November 19, 1997.

We agree with the commission and affirm.

## Modification of Final Orders

If an application for review of a final order of the commission is not made within twenty days of the date of the order, the commission has no jurisdiction to review the matter unless the petitioning party alleges fraud or mistake in the procurement of the award. McCarthy Electric Company, Inc. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993) (citing Code § 65.2-705(A)). Because Robinson failed to meet this time requirement and has not alleged fraud or mistake, the commission correctly found that it lacked authority to modify the 1991 order.

Robinson contends that the legislature intended that Code § 65.2-313 be applied retroactively. We need not address that issue because even if the statute could be applied retroactively, it could not be used to modify the 1991 order because Robinson failed to allege fraud or mistake. See Buenson Division, Aeronca, Inc. v. McCauley, 221 Va. 430, 434 n.2, 270 S.E.2d 734, 736 n.2 (1980) (noting that a new statute with retroactive applicability cannot act to revive a "dead claim"); Dan River, Inc. v. Adkins, 3 Va. App. 320, 326, 349 S.E.2d 667, 670 (1986) (citing Buenson Division, 221 Va. at 434 n.2, 270 S.E.2d at 736 n.2).

Robinson suggests that we avoid this rule by considering his request for a new offset calculation to constitute mere enforcement, rather than modification, of the 1991 order. He

- 2 -

further suggests that Code § 65.2-313 is procedural in nature, and thus the time limit imposed by the rule does not apply.  No authority supports either suggested construction of the rule.

<u>Affirmed.</u>
