COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Malveaux and Senior Judge Clements
Argued by teleconference

UNPUBLISHED

NEUROSURGICAL SPECIALISTS, INC.

MEMORANDUM OPINION[*] BY
v.      Record No. 0076-20-1          JUDGE JEAN HARRISON CLEMENTS
JULY 14, 2020

HUNTINGTON INGALLS, INCORPORATED AND
  YORK RISK SERVICES GROUP

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Philip J. Geib (Philip J. Geib, P.C., on brief), for appellant.

Christopher R. Hedrick (Mason, Mason, Walker & Hedrick, on
brief), for appellees.

Appellant, Neurosurgical Specialists, Inc. ("provider"), sought payment from the Virginia

Workers' Compensation Commission ("Commission") for medical treatment provided to an

employee of Huntington Ingalls, Incorporated ("employer"). The Commission granted

employer's motion to dismiss, finding that it lacked jurisdiction under Code § 65.2-605.1(G).

Provider contends on appeal that the Commission erred in interpreting and applying the statute.

Provider also argues that the Commission's ruling violates its due process and substantive rights

under Article I, Section 11 of the Virginia Constitution. We find that this case is controlled by

the published opinion issued this day in Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc,

___ Va. App. ___ (July 14, 2020), which addressed identical issues, and affirm the

Commission's ruling.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under the interpanel accord doctrine, a published opinion of a panel of this Court binds
all subsequent three-judge panels. See Vay v. Commonwealth, 67 Va. App. 236, 257 (2017).

BACKGROUND[2]

The evidence established that Alonza Martin sustained a compensable injury by accident on May 26, 2005, while working for employer. The Commission entered an award for lifetime medical benefits and periods of temporary total disability on July 12, 2006.[3] Payments totaling $8,900.81 were made to provider under the Longshore and Harbor Workers' Compensation Act ("LHWCA").

Provider filed an application with the Commission on November 19, 2018, seeking an alleged underpayment of $28,494.19 for medical services rendered to Martin on June 28, 2006, and requesting an evidentiary hearing. On May 8, 2019, a hearing was set for July 8, 2019. Employer moved to dismiss on July 2, 2019. Employer argued that under Code § 65.2-605.1(G), which became effective July 1, 2019, the Commission lacked subject-matter jurisdiction over the claim. The Commission denied the motion and continued the hearing; employer renewed the motion to dismiss on July 16, 2019. Provider did not respond to the motion. The deputy commissioner held an on-the-record hearing on July 31, 2019, and concluded that the Commission lacked jurisdiction over provider's claim. Provider sought review by the full Commission, which affirmed the deputy's ruling on December 9, 2019. This appeal followed.

---

Although the opinion in Wardell was held to be released in conjunction with the decision in this case, Wardell was argued and decided before this case, and therefore, is binding under the interpanel accord doctrine.

[2] On appeal, this Court views the evidence in the case in the light most favorable to the employer, the party prevailing before the Commission. See Samartino v. Fairfax Cty. Fire & Rescue, 64 Va. App. 499, 502 (2015).

[3] Martin was awarded an additional period of wage loss benefits on March 19, 2017.

ANALYSIS

As in Wardell, this case requires us to construe Code § 65.2-605.1(G). The statute

became effective July 1, 2019,[4] and provides that

> [n]o health care provider shall submit, nor shall the Commission
> adjudicate, any claim to the Commission seeking additional
> payment for medical services rendered to a claimant before July 1,
> 2014, if the health care provider has previously accepted payment
> for the same medical services pursuant to the [LHWCA].

Code § 65.2-605.1(G).

The Commission ruled that, even though provider had filed its claim before July 1, 2019,

the plain language of Code § 65.2-605.1(G) foreclosed the Commission's jurisdiction to consider

provider's application for additional payment because the medical services had been rendered to

Martin in 2006 and provider had previously accepted payment for those services under the

LHWCA. Provider contends that the Commission misinterpreted and misapplied the statute in

violation of its due process and substantive rights. However, as this Court held in Wardell, ___

Va. App. at ___ , the plain language of Code § 65.2-605.1(G) evinces the legislature's intent to

remove certain claims from the Commission's jurisdiction. Accordingly, the Commission

neither misinterpreted nor misapplied the statute as it pertained to provider's case. See Wardell,

___ Va. App. at ___.

As did the medical provider in Wardell, provider argues that the legislature intended the

word "adjudicate" in Code § 65.2-605.1(G) to mean "commence" a legal proceeding, and thus

subsection G does not apply in this case because provider had submitted its claim in November

2018 before the statute took effect. However, as the Court determined in Wardell, provider did

---

[4] The Wardell opinion sets forth the applicable statutory history. See Wardell, ___ Va. App. at ___.

- 3 -

not make this same argument before the Commission and cannot raise it for the first time on appeal.  See id. at ___ (holding that Rule 5A:18 barred claim).

Provider also argues that it did not "accept" payment under the LHWCA, and thus the Commission misapplied Code § 65.2-605.1(G).  The Wardell Court rejected this same argument, holding that the provider's reliance on Northrop Grumman v. Wardell Orthopaedics, 67 Va. App. 420 (2017) ("Everett"), and Newport News Shipbuilding v. Wardell Orthopaedics, 67 Va. App. 404 (2017) ("Bell"), was misplaced because those cases addressed accord and satisfaction as an affirmative defense to the medical provider's claims for additional payments for medical services rendered to injured employees.  See Wardell, ___ Va. App. at ___.  An accord and satisfaction defense was not raised here.  Further, neither Everett nor Bell defines the phrase, "accepted payment," as applied in Code § 65.2-605.1(G).  This Court may not read into a statute language that the legislature chose not to include.  See Cty. of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397 (1982).  "The plain language of the statute does not require that the employer must prove that the provider accepted payment in full satisfaction of the amount owed." Wardell, ___ Va. App. at ___.

Provider's argument also fails because the record establishes that provider accepted payment under the LHWCA.  Employer attached to its motion to dismiss an affidavit from its former manager of compensation claims, which stated that payment had been made to provider under the LHWCA.  The affidavit further stated that there was no record of any communication from provider contesting payment under the Department of Labor fee schedule, contending it should be paid additional amounts under the Act, or asserting it was accepting payment under protest.  The deputy commissioner found that employer made payments to provider under the LHWCA and that provider accepted the payments.  The Commission "summarily adopt[ed] and incorporate[d] by reference" the deputy commissioner's ruling.  Where the Commission's factual

findings are supported by credible evidence, as they are here, this Court is bound to accept them.[5]  See Hoffman v. Carter, 50 Va. App. 199, 209 (2007).

Finally, provider argues that applying Code § 65.2-605.1(G) retroactively to its claim violates its due process and substantive rights under Article I, Section 11 of the Virginia Constitution.[6]  The Wardell Court also rejected this argument, holding that the statute addresses a procedural remedy and "contain[s] an expression of retrospective legislative intent."  Wardell, ___ Va. App. at ___ (quoting Cohen v. Fairfax Hosp. Ass'n, 12 Va. App. 702, 705 (1991)).  Therefore, it may be applied retroactively.  See id.; Sussex Cmty. Serv. Ass'n v. Va. Soc'y for Mentally Retarded Children, 251 Va. 240, 243-44 (1996); Buenson Div., Aeronica, Inc. v. McCauley, 221 Va. 430, 432 (1980); Allen v. Mottley Construction Co., 160 Va. 875, 889-90 (1933).

Code § 65.2-605.1(G) states that "[n]o health care provider shall submit, nor shall the Commission adjudicate, *any* claim . . . ."  (Emphasis added).  "The legislature's use of the phrase 'any claim' in describing the claims to which the new statute applied demonstrates the General Assembly's intent that the statute apply to all claims after July 1, 2019, including those filed before July 1, 2019, but not yet adjudicated."  Wardell, ___ Va. App. at ___ (noting that "if the legislature had not intended the statute to apply to pending claims, it would have so specified" and that adopting provider's interpretation "would render meaningless the provision prohibiting

---

[5] Provider's contention that credible evidence does not support the Commission's finding has not been preserved for appeal.  When provider asked for a review by the full Commission, it alleged for the first time that the Commission had unfairly granted employer's motion to dismiss without holding an evidentiary hearing and by considering the submitted affidavit and supporting evidence.  The Commission determined that provider had waived its objection by failing to respond to the motion to dismiss.  Accordingly, we do not address provider's argument.  See Mouhssinne v. Crystal City Laundry, 62 Va. App. 65, 82 (2013) (holding that where the Commission did not rule on an issue, Rule 5A:18 barred appellate review).

[6] Article I, Section 11 states, in part, that "no person shall be deprived of his life, liberty, or property without due process of law."

the[] adjudication" of claims filed after July 1, 2019, because "[t]here would be no reason to adjudicate claims that could not be submitted"). Accordingly, "Code § 65.2-605.1(G) does not contain language that applies the statute only prospectively, but instead manifests an intent to apply it retrospectively." Id. at ___.

The Wardell Court further held that Code § 65.2-605.1(G) is "procedural in nature and affect[s] remedy only[,] disturb[ing] no [substantive or] vested rights." Id. at ___ (quoting Buenson, 221 Va. at 432; Cohen, 12 Va. App. at 705). "Substantive rights concern the 'creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights.'" Id. at ___ (quoting Shiflet v. Eller, 228 Va. 115, 120 (1984)). In imposing a time limitation for adjudicating a claim where no similar limitation had existed previously, Code § 65.2-605.1(G) "affected only a provider's procedural right to seek additional payment from the Commission, not its substantive right to be paid for services rendered to the injured employee." Id. at ___.

Additionally, a litigant is entitled "to a particular mode of procedure" only if it availed itself of that procedure while the governing statute was in force.[7] Commonwealth v. Shaffer, 263 Va. 428, 433 (2002). See Brockman, 224 Va. at 395-96 (holding that an employer had sufficient notice of a newly enacted statute concerning compensable heart disease to have given an employee a physical examination before the statute's effective date, and the failure to provide the examination was "at the employer's risk"). Here, the twelve-year delay in seeking additional medical payments was "at [provider's] risk."

Noting that the General Assembly passed Code § 65.2-605.1(G) on March 21, 2019, and the statute became effective 102 days later on July 1, 2019, the Wardell Court determined that

_____

[7] We note that provider waited twelve years before pursuing additional payment and offered no explanation for the delay.

the medical provider had "a reasonable window of opportunity" to request that the Commission adjudicate the claim before July 1, 2019, but did not request that the Commission do so." Wardell, ___ Va. App. at ___. See Commonwealth v. Owens-Fiberglas Corp., 238 Va. 595, 601 (1989) (finding that even thirty days between the date a statute was enacted and its effective date was "sufficient to satisfy due process requirements when a newly-created time bar is applied to existing causes of action and accrued rights of action"); Allen, 160 Va. at 882 (holding that the ninety-day delay between the passage of a statute imposing a time limit for filing compensation claims based on a change in condition and its effective date allowed litigants "a fair opportunity to acquaint themselves with the provisions of the statute enacted at a given session in order to institute and prosecute the appropriate proceeding for the preservation of their rights in accordance therewith"). Similarly, here, we conclude that the Commission did not deny provider any substantive right to additional payment by applying Code § 65.2-605.1(G) retroactively.

## CONCLUSION

For these reasons, we hold that the Commission properly interpreted and applied Code § 65.2-605.1(G) and did not err in dismissing provider's claim for additional payment based on a lack of jurisdiction.

Affirmed.