COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Senior Judge Frank
Argued by teleconference

**PUBLISHED**

WARDELL ORTHOPAEDICS, P.C.

OPINION BY
v.        Record No. 1930-19-1        JUDGE MARY GRACE O'BRIEN
JULY 14, 2020

COLONNA'S SHIPYARD, INC. AND
 UNITED STATES FIDELITY AND GUARANTY CO.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Philip J. Geib (Philip J. Geib, P.C., on brief), for appellant.

F. Nash Bilisoly (Kimberley Herson Timms; W. Thomas Chappell;
Daniel A.D. Salmon; Vandeventer Black LLP, on brief), for appellees.

Wardell Orthopaedics, P.C. ("Wardell") appeals an order entered by the Workers'

Compensation Commission ("the Commission") on October 31, 2019, dismissing its claim for

payment of medical services rendered to Alfonso Gonzalez ("employee"), an employee of

Colonna's Shipyard, Inc.  The Commission determined that it lacked jurisdiction to adjudicate the

claim against employer and its insurance carrier, United States Fidelity and Guaranty Co.

(collectively "appellees"), based on Code § 65.2-605.1(G).  Wardell contends on appeal that the

Commission erred in interpreting and applying the statute.  Wardell also argues that the

Commission's ruling violates its due process and substantive rights under Article I, Section 11 of

the Virginia Constitution.

BACKGROUND

Employee sustained a compensable work injury on January 29, 2010, and filed simultaneous

claims for benefits under the Virginia Workers' Compensation Act ("the Act"), Code § 65.2-100

*et seq.*, and the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901

*et. seq.* The Commission entered a compromise settlement order on October 20, 2014, awarding employee a monetary sum and payment of related medical treatment until August 15, 2014.

Wardell treated employee from February 11, 2010 until June 6, 2014. In accordance with the settlement order, Colonna's Longshore insurance carrier, Signal Mutual Indemnity Association, Ltd. ("Signal"), paid the claim pursuant to the LHWCA. On March 31, 2015, Wardell submitted a letter to the Commission indicating that it only received partial payments for medical services it rendered to employee and requesting that the matter be docketed for a hearing. The parties initially scheduled an evidentiary hearing for August 5, 2015. However, because they were attempting to settle the matter, they asked that the case be withdrawn from the docket without prejudice; accordingly, the Commission cancelled the August 5, 2015 hearing.

The parties did not reach an agreement, and on February 13, 2017, Wardell filed a claim with the Commission seeking reimbursement for underpaid medical services rendered to employee between February 11, 2010 and June 6, 2014. The parties subsequently engaged in protracted discovery litigation, which required several hearings. On October 29, 2018, the Commission began the evidentiary hearing on Wardell's claim; however, it did not conclude the matter that day. The case was continued several times and was set for July 18, 2019.

On July 2, 2019, appellees filed a motion for a decision on the record and asserted that under Code § 65.2-605.1(G), effective July 1, 2019, the Commission lacked jurisdiction to adjudicate Wardell's pending claim. Appellees contended that because Wardell previously accepted payment for medical services rendered to employee before July 1, 2014, pursuant to the LHWCA, the Commission was precluded from awarding any additional payments under the Act. Appellees attached a June 27, 2019 affidavit from the Assistant Vice President of Claims for Signal to its motion. He asserted that "[a]ll payments for the medical services at issue were made by Signal and accepted by Wardell Orthopaedics pursuant to the Longshore Act. The payments were accepted by

- 2 -

Wardell Orthopaedics, P.C. without contest other than technical issues which were specifically reserved by Wardell Orthopaedics, P.C. and addressed by Signal."

In response, Wardell argued that the payments were not accepted in full satisfaction of the balance owed. It also contended that Code § 65.2-605.1(G) only should be applied prospectively and that barring adjudication of pending claims would be unconstitutional.

The deputy commissioner agreed with appellees and dismissed the claim for lack of jurisdiction. Upon appeal, the Commission affirmed the dismissal.

ANALYSIS

This case requires us to construe Code § 65.2-605.1(G). Initially, we note that "[t]he [C]ommission's construction of the Act is entitled to great weight on appeal." Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 702 (2012) (quoting Fairfax Cty. Sch. Bd. v. Humphrey, 41 Va. App. 147, 155 (2003)). As issues of statutory interpretation present questions of law, we examine the Commission's ruling using a *de novo* standard of review. See Llewellyn v. White, 297 Va. 588, 595 (2019).

The controlling statutes have been amended several times since employee suffered his compensable injury in 2010. Before July 1, 2012, an injured maritime employee could recover simultaneously under both the Act and the LHWCA. See Moore v. Va. Int'l Terminals, 254 Va. 46, 49 (1997). Under the pre-2012 system, an employer received credit for any payment it made under the LHWCA if a claim was subsequently filed under the Act because "double recovery" was prohibited. Id. Concurrent jurisdiction ended July 1, 2012, when the definition of "employee" under the Act was changed to exclude "[a]ny person who suffers an injury on or after July 1, 2012, for which there is jurisdiction under . . . the [LHWCA]." Code § 65.2-101(2)(n).

The General Assembly enacted a new statute, Code § 65.2-605.1, at issue here, which became effective July 1, 2014. 2014 Va. Acts ch. 670. The statute included a one-year limitation

for a health care provider to "submit a claim to the Commission contesting the sufficiency of payment for health care services rendered to a claimant after July 1, 2014." Code § 65.2-605.1(F). The legislature subsequently added subsection G, effective July 1, 2019, which provides that

> [n]o health care provider shall submit, nor shall the Commission adjudicate, any claim to the Commission seeking additional payment for medical services rendered to a claimant before July 1, 2014, if the health care provider has previously accepted payment for the same medical services pursuant to the [LHWCA].

Code § 65.2-605.1(G).

The Commission ruled that although Wardell filed its claim before July 1, 2019, the plain language of Code § 65.2-605.1(G) foreclosed the Commission's jurisdiction to consider its claim because Wardell rendered medical services to employee between February 2010 and June 2014, and Wardell previously accepted payment under the LHWCA. Wardell contends that the Commission misinterpreted and misapplied the statute in violation of its due process and substantive rights.

The Commission's authority is defined by statute, and the General Assembly can expand or limit the jurisdiction as it deems appropriate. See Stuart Circle Hosp. v. Alderson, 223 Va. 205, 207 (1982). The Commission has exclusive jurisdiction over all disputes concerning payment of "[f]ees of . . . physicians and charges of hospitals for services." Code § 65.2-714(A). The plain language of Code § 65.2-605.1(G) evinces the legislature's intent to remove certain claims from the Commission's jurisdiction.

Wardell first challenges the Commission's interpretation of the word "adjudicate" in Code § 65.2-605.1(G). Wardell argues that the legislature intended the word "adjudicate" to mean "commence" a legal proceeding, and thus subsection G does not apply in this case because provider submitted its claim in February 2017, before the statute took effect. However, Wardell did not make this same argument before the Commission and cannot raise it for the first time on appeal. "No ruling of the . . . Commission will be considered as a basis for reversal unless an objection was

stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. See Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C., 67 Va. App. 404, 413 (2017) (applying Rule 5A:18). Wardell has not asked that we apply the "good cause" or "ends of justice" exceptions to Rule 5A:18, and we decline to do so *sua sponte*. See Hampton Inn & Selective Ins. Co. of Am. v. King, 58 Va. App. 286, 301 (2011). Accordingly, Wardell's argument that "adjudicate" means "commence" is waived.

Wardell also argues that it did not "accept" payment under the LHWCA, and thus, the Commission misapplied Code § 65.2-605.1(G). Wardell relies on Northrop Grumman Shipbuilding, Inc. v. Wardell Orthopaedics, P.C., 67 Va. App. 420 (2017) ("Everett"), and Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C., 67 Va. App. 404 (2017) ("Bell"). In both cases, the employer asserted accord and satisfaction as an affirmative defense to the provider's claims seeking additional payments for medical services rendered to an injured employee. See Everett, 67 Va. App. at 433-34; Bell, 67 Va. App. at 417-18. This Court held in both cases that the provider's acceptance of LHWCA payments did not meet the proof required to establish an accord and satisfaction. See Everett, 67 Va. App. at 433-34; Bell, 67 Va. App. at 417-18.

Everett and Bell specify the requirements to prevail on an accord and satisfaction defense, which the appellees did not raise here. See Everett, 67 Va. App. at 433-34; Bell, 67 Va. App. at 417-18. These cases do not define the phrase, "accepted payment," for purposes of the Act, including the term as applied in Code § 65.2-605.1(G). This Court may not read into a statute language that the legislature chose not to include. See Cty. of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397 (1982). The plain language of the statute does not require that the employer must prove that the provider accepted payment in full satisfaction of the amount owed.

- 5 -

Wardell's argument also fails because the record establishes that it accepted payment under the LHWCA. Appellees attached an affidavit to their motion to dismiss from the Assistant Vice President of Claims for Signal, which stated that Signal paid Wardell under the LHWCA "without contest," other than "technical issues which were . . . addressed by Signal." The affidavit did not report any communication from Wardell contending it was due additional fees. Therefore, the deputy commissioner found that Signal paid Wardell according to the LHWCA, and Wardell accepted the payments.

The Commission determined that the deputy commissioner's finding was supported by Wardell's references at a June 14, 2018 hearing to payments it received from Signal. Testimony at the October 29, 2018 hearing also established that Signal paid Wardell's bills in accordance with the LHWCA fee schedule. Where the Commission's factual findings are supported by credible evidence, as they are here, this Court is bound to accept them. See Hoffman v. Carter, 50 Va. App. 199, 209 (2007).

Finally, Wardell argues that retroactively applying Code § 65.2-605.1(G) to its claim violates its due process and substantive rights under Article I, Section 11 of the Virginia Constitution.[1] However, the statute addresses a procedural remedy and "contain[s] an expression of retrospective legislative intent." Cohen v. Fairfax Hosp. Ass'n, 12 Va. App. 702, 705 (1991). Therefore, it may be applied retroactively. Buenson Div., Aeronca, Inc. v. McCauley, 221 Va. 430, 432 (1980).

In Allen v. Mottley Construction Co., 160 Va. 875, 889-90 (1933), the Supreme Court retroactively applied a statute imposing a time limit for filing compensation claims based on a change in condition, which barred a claimant from reopening his claim. The Court determined that

---

[1] Article I, Section 11 states, in part, that "no person shall be deprived of his life, liberty, or property without due process of law."

- 6 -

by stating the time limit began with payment of "*an* award," the legislature intended the statute to apply to both awards previously made and those yet to be made. Id. at 889-90. If the legislature intended the statute to apply only to future awards, it would have specified "*any* award *hereafter made.*" Id. at 889.

The Allen analysis "has continued to be 'a "decisive" example of a situation where retrospective intent is expressed in legislative language.'" Sussex Cmty. Serv. Ass'n v. Va. Soc'y for Mentally Retarded Children, 251 Va. 240, 243-44 (1996) (quoting Buenson, 221 Va. at 435). In Sussex, the Supreme Court addressed former Code § 36-96.6(C), which provided that a group home for unrelated, disabled adults was considered a "'residential occupancy by a single family' when construing a restrictive covenant limiting occupancy [of a residence] to members of a single family." Id. at 242. When first enacted in 1986, the statute did not apply to restrictive covenants executed before July 1, 1986, but a 1991 amendment removed that date and inserted the word "any" to modify covenants. Id. at 244. Following the Allen analysis, the Sussex Court held that the word "any" applied "without limitation," and thus the phrase "any covenant" "encompasse[d] all covenants . . . whether recorded before or after 1991." Id. By using the unrestrictive modifier "any," the General Assembly "manifest[ed] a clear intent" to apply the amendment to all restrictive covenants regardless of recorded date. Id. at 244-45.

Similarly, in this case, Code § 65.2-605.1(G) states that "[n]o health care provider shall submit, nor shall the Commission adjudicate, *any* claim." (Emphasis added). The legislature's use of the phrase "any claim" in describing the claims to which the new statute applies demonstrates the General Assembly's intent that the statute apply to all claims after July 1, 2019, including those filed before July 1, 2019, but not yet adjudicated. This interpretation is further supported by the plain meaning of "adjudicate," "[t]o rule on judicially." Adjudicate, Black's Law Dictionary (11th ed. 2019). "[E]very word of a statute must be given meaning." Gray v. Graves Mountain Lodge,

26 Va. App. 350, 356 (1998). As in Allen, if the legislature intended to exclude pending claims from the statute, it would have so specified. See Allen, 160 Va. at 889-90. Further, interpreting Code § 65.2-605.1(G) as applying only to claims filed after July 1, 2019, would render meaningless the provision prohibiting their adjudication. There would be no reason to adjudicate claims that could not be submitted. See Sussex, 251 Va. at 245 (holding that "statutory amendments are presumed purposeful and not unnecessary or vain"). Therefore, we find that Code § 65.2-605.1(G) does not contain language that applies the statute only prospectively, but instead manifests an intent to apply it retrospectively.

Code § 65.2-605.1(G) is also "procedural in nature [and] affect[s] remedy only[,] disturb[ing] no [substantive or] vested rights." Buenson, 221 Va. at 432; Cohen, 12 Va. App. at 704; see also Commonwealth v. Shaffer, 263 Va. 428, 432 (2002). Substantive rights concern the "creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." Shiflet v. Eller, 228 Va. 115, 120 (1984). See also Shaffer, 263 Va. at 432 (holding that the right to judicial review of an administrative revocation of a driver's license was not a substantive right, but a procedural remedy that "may be altered, curtailed, or repealed at the will of the legislature").

The enactment of Code § 65.2-605.1(G) imposed a time limitation for adjudicating a claim where no similar limitation had existed previously. The new statute affected only a provider's procedural right to seek additional payment from the Commission, not its substantive right to be paid for services rendered to the injured employee. Therefore, applying the new jurisdictional rule removed no substantive right, but rather, "simply change[d] the tribunal that is to hear the case." Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994) (quoting Hallowell v. Commons, 239 U.S. 506, 508 (1916)).

A litigant is entitled "to a particular mode of procedure" only if it availed itself of that procedure while the governing statute was in force. Shaffer, 263 Va. at 433. In Brockman, a police officer suffered a heart attack the day after a new statute came into effect that provided for a presumption of a compensable occupational disease following a heart attack if no indication of hypertension or heart disease was discovered at the employee's previous physical examination. 224 Va. at 394-95. The officer had been employed in 1968 but was not given a physical examination. Id. at 395. His employer argued that the presumption should not apply because it did not have an opportunity to have the officer examined before his heart attack on July 2, 1976. Id. The Supreme Court held that the employer had sufficient notice of the statute's examination requirement and could have examined the officer between the passage of the statute on March 13, 1976, and its effective date of July 1, 1976. Id. at 396. The failure to provide the examination was "at the employer's risk." Id.

Here, the General Assembly passed Code § 65.2-605.1(G) on February 18, 2019, and the statute became effective 102 days later on July 1, 2019. 2019 Va. Acts ch. 760. Wardell did not request that the Commission hear its claims during that time period. Wardell had a reasonable window of opportunity to request that the Commission adjudicate the claim before July 1, 2019. Commonwealth v. Owens-Corning Fiberglas Corp., 238 Va. 595, 601 (1989) (finding that even thirty days between the date a statute was enacted and its effective date was "sufficient to satisfy due-process requirements when a newly-created time bar is applied to existing causes of action and accrued rights of action"); see Allen, 160 Va. at 882 (holding that the ninety-day delay between the passage of a statute imposing a time limit for filing compensation claims based on a change in condition and its effective date allowed litigants "a fair opportunity to acquaint themselves with the provisions of the statute enacted at a given session in order to institute and prosecute the appropriate proceeding for the preservation of their rights in accordance therewith"). Therefore, we conclude

that the Commission did not deny Wardell any substantive right to additional payment by applying Code § 65.2-605.1(G) retroactively.

## CONCLUSION

For these reasons, we hold that the Commission properly interpreted and applied Code § 65.2-605.1(G), and it did not err in dismissing Wardell's claim for additional payment based on a lack of jurisdiction.

<u>Affirmed.</u>