## Staunton

ALPHONSE STROOBANTS AND HELEN STROOBANTS, HIS WIFE v.
DOUGLAS B. FUGATE, STATE HIGHWAY COMMISSIONER.

September 6, 1968.

Record No. 6975.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Gordon and Harrison, JJ.

*Robert D. Richards* (*Edmunds, Baldwin & Graves*, on brief), for
petitioners.

*Paul D. Stotts, Assistant Attorney General* (*Robert Y. Button, At-
torney General; Troy G. Arnold, Jr., Special Counsel*, on brief), for
respondent.

HARRISON, J., delivered the opinion of the court.

Invoking the original jurisdiction of this court, Alphonse Stroobants

and Helen Stroobants, petitioners, filed a petition against Douglas B. Fugate, State Highway Commissioner, respondent, praying for a peremptory writ of mandamus to compel the Highway Commissioner to institute condemnation proceedings in the proper court to ascertain what compensation is due the Stroobants for the damages which, they allege, have been done to their property by the acts of the respondent.

Petitioners allege that they are seized of a tract of land in Campbell County, about 5 miles south of Lynchburg, on U. S. Highway #29, known as "Lakeside Trailer Park"; that in 1967 the State Highway Department caused this highway to be dual-laned, and, incident to the construction of the second lane, moved a considerable amount of dirt and relocated a branch; that by reason of the construction of the roadway, and relocation of the branch, large quantities of dirt washed from the highway right-of-way onto the petitioners' land and into a lake located thereon, thereby damaging their property; and that such damage constitutes a taking of petitioners' property without due process, and, notwithstanding their request, respondent has refused to institute condemnation proceedings so that the damages done could be ascertained and paid to them.

Respondent filed a motion to dismiss the petition, alleging, among other grounds, that the petitioners have other and adequate remedies at law.

The petitioners do not question the lawful authority of the State Highway Department to perform the acts of which they complain. Their only concern is that they may be compensated for the damages to their property as required by Section 58 of the Constitution of Virginia.

As was observed by Mr. Chief Justice Eggleston in *Railroad Company* v. *Fugate*, 206 Va. 159, 162, 142 S. E. 2d 546, 548 (1965):

"We have frequently stated the basic essentials for the issuance of a writ of mandamus in this jurisdiction. As was said in *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 151, 104 S. E. 2d 813, 816, 'A writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion. Due to the drastic character of the writ, the law has placed safeguards around it. Consideration should be had for the urgency which prompts an exercise of the discretion, the interests of the public and third persons, the results

which would follow upon a refusal of the writ, as well as the promotion of substantial justice. In doubtful cases the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and *where there is no other available specific and adequate remedy the writ will issue.* * * * ' " (Italics supplied.)

The facts here closely parallel *Hicks* v. *Anderson*, 182 Va. 195, 28 S. E. 2d 629 (1944), wherein this court issued a writ of mandamus directing the Highway Commissioner to institute the necessary condemnation proceedings against the petitioning landowner to the end that damages to his land, if any, caused by the location and construction of a nearby highway be ascertained and paid to him.
■ However, at the time of the *Hicks* decision a writ of mandamus was deemed the only remedy available to the petitioning landowner. The 1968 General Assembly of Virginia amended the Declaratory Judgment Law (Code—Title 8—Chapter 25) by adding thereto a new code section, numbered 8-581.1. It provides as follows:

"Whenever it is determined in a declaratory judgment proceeding that a person's property has been taken or damaged within the meaning of Section 58 of the Virginia Constitution and compensation has not been paid or any action taken to determine the compensation within 60 days following the entry of such order or decree, the court which entered the order or decree may, upon petition of such person after reasonable notice to the adverse party, enter a further order appointing commissioners to determine the compensation. The appointment of commissioners and all proceedings thereafter shall be governed by the procedure prescribed for such condemning authority."

The Highway Commissioner concedes that the cause of action asserted by the petitioners can be resolved in a declaratory judgment proceeding in a lower court. Once it be established in such a proceeding that their property has been damaged, and compensation not paid, the General Assembly now has provided an expeditious, simple and practical procedure whereby petitioners can have the amount of damages determined.

Code Section 8-581.1 is a remedial statute. It disturbs no vested rights and creates no new obligation. It merely supplies another remedy to enforce existing rights. While this section was not in

force when petitioners' cause of action arose, it became effective on June 28, 1968, and they are entitled to avail themselves of the procedure outlined therein. See *Walke* v. *Dallas, Inc.*, 209 Va. 32, 161 S. E. 2d 722 (1968).

Virginia's Declaratory Judgment Law, as amended, provides petitioners with an adequate remedy at law. Accordingly, there is no occasion for them to resort to the extraordinary writ of mandamus or for this court to exercise its original jurisdiction. Mandamus should be reserved to discharge its principal purpose, i.e., to enforce a clearly established right and to enforce a corresponding imperative duty created or imposed by law. As we pointed out in *Railroad Company* v. *Fugate, supra*, this court is not equipped to determine factual issues. They should be and are best resolved in a declaratory judgment proceeding.

For the reasons assigned, we grant respondent's motion to dismiss, and deny the petition for a writ of mandamus.

*Mandamus denied.*