## Richmond

### ROY B. FORBES

### V.

### JAMES B. KENLEY, M.D., ETC., ET AL.

Record No. 812027.

March 9, 1984.

Present: All the Justices.

*Paul M. Lipkin (Bernard Glasser; Goldblatt, Lipkin, Cohen, Anderson, Jenkins & Legum, P.C.; Glasser and Glasser*, on brief), for appellant.

*Robert T. Adams, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

By case decision dated June 12, 1979, James B. Kenley, M.D., State Health Commissioner, denied Roy B. Forbes permits to install septic tanks on three certain lots in the City of Chesapeake. On July 26, 1979, Forbes filed his appeal[1] in the trial court seeking reversal of the decision. A demurrer was filed on behalf of the Commissioner on the ground that Forbes had failed to allege compliance with Code § 9-6.14:16 and with Part 2A of the Rules, and specifically that he had failed to comply with Rule 2A:2 requiring the filing of a notice of appeal with the administrative agency within thirty days after the decision was rendered. By final order entered August 31, 1981, the trial court sustained the demurrer and dismissed the appeal with prejudice. The question for our determination is whether the trial court erred in ruling that Rule

---

[1] Forbes named as defendants Kenley, Dr. Laura G. Morris, Health Director, City of Chesapeake, and William Hoddinott, Supervisor, Chesapeake Health Department (referred to, collectively, in this opinion as the Commissioner). Forbes alleged that he was first denied the permits by Hoddinott, then by Morris, and finally by Kenley.

2A:2, with which Forbes concedes he did not comply, is controlling.

Forbes argues, as he did below, that he appealed the case decision to the trial court pursuant to the provisions of Code § 32.1-164.1, which became effective July 1, 1979. Acts 1979, c. 497. The statute, as originally enacted,[2] read as follows:

> **§ 32.1-164.1. Appeals from denials of septic tank permits.** — After exhausting his administrative remedies, a person subject to an adverse ruling by the Board shall have the right to appeal to the circuit court in the jurisdiction where all or part of the site or proposed site of the septic system is located for a hearing before the judge of said court.
>
> The court shall consider all relevant evidence. If the court, after hearing, reverses the decision of the Board, it may do so upon such terms and conditions, including a probationary period, as may be fair and just under all of the circumstances. The decision may be recorded in the land records of the clerk's office of such court so as to be binding notice to the public, including subsequent purchases of the land in question.

The trial court ruled that § 32.1-164.1 was inapplicable, that the law in effect when Forbes's right of appeal arose was controlling, that the time requirements of Part 2A of the Rules were mandatory and jurisdictional, and that Forbes had failed to comply with those requirements. Forbes argues that § 32.1-164.1 was available to him because it was a procedural statute which did not affect any vested rights and which should properly apply, as an alternative appeal procedure, to any action not time-barred when the statute became effective.

The law in effect when Forbes's right of appeal arose was Code § 9-6.14:16, a part of the Administrative Process Act, reading in pertinent part as follows:

> **§ 9-6.14:16. Right, forms, venue.** — Any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision, as the same are defined in § 9-16.14:4 of this chapter . . . shall have a right to the direct review thereof either (i) by pro-

---

[2] The statute was extensively revised and reenacted in 1980. Acts 1980, c. 503.

ceeding pursuant to express provisions therefore in the basic law under which the agency acted or (ii), in the absence, inapplicability, or inadequacy of such special statutory form of court review proceeding, by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia.

The basic law under which the Commissioner acted was Title 32.1, Code §§ 32.1-1, *et seq.* of which § 32.1-164.1 became a part. We agree with the Commissioner's argument that for Forbes to prevail we must conclude that § 32.1-164.1 not only was available to him but that it provided an adequate statutory form of appeal within the meaning of § 9-6.14:16(ii).

Forbes relies on *Walke* v. *Dallas, Inc.*, 209 Va. 32, 161 S.E.2d 722 (1968), and *Stroobants* v. *Highway Comm.*, 209 Va. 275, 163 S.E.2d 192 (1968). In each of those cases we held that a litigant could use a newly enacted procedure to enforce an existing right.

In *Walke*, the plaintiff sought to recover damages for personal injuries alleged to have been caused by the negligence of a foreign corporation before enactment of the so-called "Long Arm" Statute (now Code § 8.01-328, *et seq.*). When the plaintiff served the defendant under the new statute, the trial court sustained the defendant's motion to quash on the ground that the statute was not available. We reversed, holding that the statute created no new cause of action and removed no existing right or remedy; it only provided "a forum for asserting an existing right," and we held that it applied to causes of action arising before as well as those arising after the statute's effective date. 209 Va. at 36, 161 S.E.2d at 725.

We applied the same rationale in *Stroobants*. In that case, landowners filed with us an original petition for mandamus seeking to compel the State Highway Commissioner to initiate eminent domain proceedings. After the cause of action arose, the General Assembly amended the Declaratory Judgment Law to provide for the use of declaratory judgment proceedings in such instances. We held that the newly enacted remedy was available to the landowners, because the statute disturbed no vested rights and created no new obligations but merely supplied another method of enforcing existing rights. 209 Va. at 277, 163 S.E.2d at

194. Accordingly, we held that with an adequate remedy at law available, mandamus would not lie.

We have reached similar results in appeals from the Industrial Commission under the Workers' Compensation Act. In *Buenson Div.* v. *McCauley*, 221 Va. 430, 270 S.E.2d 734 (1980), the limitation period for an employee to claim additional benefits based upon a change of condition was increased from twelve to twenty-four months from the date of the last payment of compensation. Citing with approval *Allen* v. *Mottley Construction Co.*, 160 Va. 875, 170 S.E. 412 (1933), where we held that a similar amendment showed a legislative intent that it should have retroactive effect, we held that the claimant was entitled to the benefit of the longer limitation period. 221 Va. at 435, 270 S.E.2d at 737. We deemed it significant that the new limitation period became effective before the claim would have been barred by the old limitation. *Id.* at 434, 270 S.E.2d at 736. We reaffirmed the *Allen* holding in *Reese* v. *Wampler Foods*, 222 Va. 249, 253, 278 S.E.2d 870, 872 (1981).

The Commissioner says that the general rule is that a statute will not be given retroactive effect unless it expressly so provides or contains language requiring that conclusion. Relying primarily on *Ferguson* v. *Ferguson*, 169 Va. 77, 192 S.E. 774 (1937), the Commissioner says that a statute will not be given such effect unless (1) the court concludes the change was procedural, (2) the statute affects only the remedy and disturbs no vested rights, and (3) there is some expression of legislative intent that retroactive effect is desired.

In *Ferguson*, a will contest, the will was probated when the limitation period for contesting it was two years. Before the bill was filed to impeach, the limitation period was reduced to one year. The bill was filed after the expiration of one year but before the expiration of two years. We held that in the absence of evidence of a contrary legislative intent, we would apply the general rule that the amendment would not be given retroactive effect. We held, therefore, that the trial court had correctly overruled a plea of the statute of limitations. 169 Va. at 86-88, 192 S.E. at 777. The opinion criticized *dicta* in *Allen* stating that where statutes are remedial they are uniformly held to be retroactive. *Id. See Buenson*, 221 Va. at 433, 270 S.E.2d at 736.

We hold that Code § 32.1-164.1 was available to Forbes. It is a procedural statute, it does not affect vested rights, and

Forbes's cause of action was not time-barred when the statute became effective. It is questionable whether the application of a new procedure to a live cause of action is retrospective rather than prospective. Nevertheless, the statute expressly applied to "a person subject to an adverse ruling," and Forbes was such a person when the statute became effective. We perceive a legislative intent to have the statute available to one in Forbes's position. *See Allen* v. *Mottley Construction Co.*, 160 Va. at 889-90, 170 S.E. at 417; *Buenson Div.* v. *McCauley*, 221 Va. at 433, 270 S.E.2d at 736.

Contrary to the Commissioner's argument, *Ferguson* does not dictate that the statute be unavailable to Forbes. In *Ferguson*, we held that a new statute of limitations does not apply retroactively, absent a contrary intent expressed in the new statute. 169 Va. at 86-87, 192 S.E. at 777. Code § 32.1-164.1, however, is not the kind of statute to which this rule applies since, unlike the statute of limitations at issue in *Ferguson*, it does not take away an existing right or remedy. Forbes's right to appeal existed when Code § 32.1-164.1 was enacted, and this provision merely supplied another remedy to enforce his existing right. *See Walke* v. *Dallas, Inc.*, 209 Va. at 36, 161 S.E.2d at 724-25; *Stroobants* v. *Highway Comm.*, 209 Va. at 277-78, 163 S.E.2d at 194.

The Commissioner contends, however, that Forbes cannot show that the procedure provided in § 32.1-164.1 was adequate, as he must do to avoid the preclusive provisions of § 9-6.14:16(ii). He contrasts the provisions of § 32.1-164.1 with the detailed procedure which we approved in *Commonwealth* v. *County Utilities*, 223 Va. 534, 290 S.E.2d 867 (1982). We agree that the statute under review leaves much to be desired. For example, it fails to provide time limits for filing pleadings. Nevertheless, the statute is not inadequate on its face. It provides for jurisdiction, venue, decision by judge, and optional relief at the judge's discretion. Moreover, by its express terms, the statute is limited to a single class of cases — appeals from denials of applications for septic tanks. We hold that the statute was adequate and that it was available to Forbes. Accordingly, we hold that the trial court erred in sustaining the Commissioner's demurrer. We will reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*