## CIRCUIT COURT OF FAIRFAX COUNTY

Software AG of North America

v.

Fairfax County
Board of Supervisors et al.

October 10, 1996

Case No. (Law) 148742

BY JUDGE THOMAS S. KENNY

This matter is before this Court on the County's Plea in Bar on the statute of limitations governing Petitioner's claim for tax year 1991. After careful review of counsels' arguments, the Court overrules the County's Plea in Bar.[1]

On December 29, 1995, Petitioner Software AG of North America filed a petition for relief from erroneous tax assessments for tax years 1991 and 1992 on Petitioner's personal property located in Fairfax County. The County subsequently entered a Plea in Bar to dismiss Petitioner's 1991 claim as time-barred under Virginia Code § 58.1-3984, as amended on July 1, 1991. The 1991 amendment to Code § 58.1-3984 reduced the statute of limitations on claims for erroneous tax assessments from five to three years. If the Court rules that the three-year statute of limitations under the 1991 amendment applies retroactively to Petitioner's claim for relief from an erroneous assessment which arose on January 1, 1991, Petitioner's claim would have expired on December 31, 1994, and as such

---

[1] The Court's ruling in this matter applies equally to the following cases in which the County has raised a Plea in Bar on an identical statute of limitation argument. *Comdisco v. Fairfax County Supervisors et al.*, Law No. 148743; *American Systems Corp. v. Fairfax County Supervisors*, Law No. 148744; *BDM Int'l, Inc. v. Fairfax County Supervisors et al.*, Law No. 148785; *Landmark Systems Corp. and Stamford Computer Group v. Fairfax County Supervisors et al.*, Law No. 148741.

would have been untimely. If, however, the Court finds that the five-year statute of limitations under the pre-July 1991 version of Code § 58.1-3984 applies to Petitioner's 1991 claim, Petitioner's claim would not expire until December 31, 1996, and thus would have been timely filed.

At issue in this case is whether the July 1991 amendment to Code § 58.1-3984, changing the statute of limitations from five to three years, applies retroactively to Petitioner's claim for relief from an erroneous tax assessment which arose on January 1, 1991. The Court does not find the County's argument favoring the retroactive application of the 1991 amendment sufficiently persuasive to overcome the strong presumption against the retroactive application of statutes of limitation. *See Ferguson v. Ferguson*, 169 Va. 77, 85, 192 S.E. 774 (1937) (supporting the principle that "statutes of limitation are presumed to be prospective and not retrospective in their operation, in the absence of a clear legislative intent to the contrary, and the presumption is against any intent on the part of the legislature to make such a statute retroactive"); *see also* Virginia Code § 1-16 (giving the *Ferguson* principle that new laws are presumed prospective in operation statutory approval).

In determining whether a statute may be given retroactive effect, the Supreme Court of Virginia has considered foremost whether there is some expression of legislative intent that the amendment be applied retroactively. *Forbes v. Kenley*, 227 Va. 55, 59, 314 S.E.2d 49 (1984); *Ferguson*, 169 Va. at 86-87. In the instant case, there is no clear expression of the legislature's intent to give the 1991 amendment of the statute of limitations under Code § 58.1-3984 retroactive effect. The 1991 amendment does not include a retroactivity provision.

Furthermore, the form of the amendment itself does not provide evidence of the legislature's intent to give the 1991 amendment retroactive effect. The County relies on the Supreme Court's decision in *Sussex Comm. Serv. Assn. v. Virginia Soc. of Mental Retardation*, 251 Va. 240 (1996), to support its argument for the retroactive application of the 1991 amendment. In *Sussex*, the Supreme Court found that an amendment to Virginia Code § 36-96.6(C) operated retroactively because the General Assembly had purposefully included the word "any" in the body of the amended statute without any words of limitation. While Code § 58.1-3984, likewise, makes ample use of the word "any," the word "any" was not incorporated into the body of the statute at the time of the amendment, as

in the *Sussex* case, but rather was part of the statutory language before the legislature amended the statute of limitations.[2]

The County appears to be taking the position that if the word "any" appears anywhere in a statute of limitations that is amended by the General Assembly, it magically confers retroactive effect on the amendment. This is an incorrect reading of *Sussex*. The Court does not find *Sussex* controlling in the instant case and finds no expression of legislative intent favoring the retroactive application of the 1991 amendment.

Two additional factors which the Supreme Court has taken into consideration in determining whether a statute may be given retroactive effect are whether the statute affects only the remedy and disturbs no vested rights and whether the change was procedural. *Forbes*, 169 Va. at 59-60. Changes to statutes that take away an existing right or remedy and are not purely procedural shall not be given retroactive effect.[3] The instant amendment of the limitations period for claims of erroneous tax assessments under Code § 58.1-3984 is not merely procedural but involves Petitioner's

---

[2] The amendment in question in *Sussex* is not comparable to the amendment to Code § 58.1-3984. In amending Code § 36-96.6, the General Assembly actually added the phrase "any restrictive covenant" to the text of the Code section. The insertion of the word "any" in this instance was pivotal to the *Sussex* Court's determination that the phrase "any restrictive covenant" encompassed all covenants covered by the statute, whether recorded before or after 1991. In the instant case, however, the General Assembly did not insert the word "any" in amending Code § 58.1-3984, but instead only changed the period of limitations from "five" to "three" years. The word "any" was part of the text of Code § 58.1-3984 before the 1991 amendment.

[3] *See Forbes*, 160 Va. at 59-60 (finding that a statute allowing for the appeal of denials of septic tank permits has retroactive effect, thereby making it available to plaintiff because it was a "procedural statute which did not affect any vested rights and which should properly apply, as an alternative appeal procedure, to any action not time-barred when the statute became effective," and further distinguishing such statute from the statute of limitations at issue in *Ferguson* as one that "did not take away an existing right or remedy").

substantive right to apply for the correction of an erroneous assessment.[4] Such amendment may not be given retroactive effect.

Absent evidence of the legislature's intent to give the 1991 amendment retroactive effect and considering the integral role the statute of limitations plays in Petitioner's ability to seek relief from an erroneous tax assessment, the Court overrules the County's Plea in Bar.

---

[4] *See, e.g., Town of Leesburg v. Loudoun Nat'l Bank*, 141 Va. 244, 126 S.E. 196 (1925) (finding, in ruling that the court was without jurisdiction to correct a tax assessment made outside the statutory period, that limitations of time prescribed by the same statute are so incorporated in the remedy provided by the statute that they become an integral part of such remedy); *Whitlock v. Hawkins*, 105 Va. 242, 53 S.E. 401 (1906) (holding that where the retrospective application of an amendment of a statute concerning the tax assessment of land deprives a citizen of the opportunity to be heard as to the correctness and justice of an assessment made pursuant to an opportunity afforded under the original act, such provision should be given only prospective application to preserve the remedy available under the prior act); Opinion of the Attorney General for the Commonwealth of Virginia, 1991 Va. AG 282 (1991) (finding that the limitations period for erroneous tax assessments, for which there was no common law remedy, is not merely procedural, but rather an "integral part of the substantive right to apply for correction of the assessment").