COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Coleman and
          Senior Judge Duff
Argued at Alexandria, Virginia


STEPHEN A. SHARP
                                    MEMORANDUM OPINION[*]
v.   Record No. 0469-97-4          BY JUDGE CHARLES H. DUFF
                                         JUNE 2, 1998
LYNN C. (SHARP) WILSON

          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                 William G. Plummer, Judge Designate

          Stephen A. Sharp, pro se.

          No brief or argument for appellee.


     Stephen A. Sharp (father) appeals the decision of the

circuit court awarding child support to Lynn C. (Sharp) Wilson

(mother).  Father contends that the trial court (1) erred by

awarding child support retroactive to the date of the original

petition; (2) erred in determining the amount of child support

based upon assets and income unavailable to father; (3) abused

its discretion by failing to follow the statutory child support

guidelines; and (4) abused its discretion by awarding attorney's

fees to mother.

                Retroactivity of Child Support Award

     We find no error in the trial court's decision to order the

payment of child support as of the date of this Court's opinion

reversing the previous child support decree.  Code § 20-108.1(B)

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

expressly provides: "Liability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with the court provided the complainant exercised due diligence in the service of the respondent." While father contends that this amendment cannot be applied in this case as it was not effective until July 1, 1996, we find that the amendment was procedural, not substantive. It did not create a new right, but merely expanded the remedy. See Forbes v. Kenley, 227 Va. 55, 60, 314 S.E.2d 49, 52 (1984). Moreover, while equitable distribution is determined under the version of the statute in effect at the time the matter was filed, child support is determined based upon the current circumstances and under the current statutes. "[T]he statutory scheme established by Code §§ 20-107.2, -108, -108.1, and -108.2, and related enactments, manifest a clear legislative intent that the courts of this Commonwealth determine the issue of child support with contemporaneity, in consideration of prevailing circumstances and consistent with existing guidelines." Cooke v. Cooke, 23 Va. App. 60, 65, 474 S.E.2d 159, 161 (1996). Father's argument that the court lacked authority to order child support payable for the period during which the petition was pending is without merit.

Inclusion of Father's Assets in Support Determination

In the previous appeal, we found that the trial court erred "in failing to consider [father's] 'financial resources' as

-2-

required by Code § 20-108.1(B)(11), as well as his actual income" when determining the amount of child support under Code § 20-108.2.  L.C.S. v. S.A.S., 19 Va. App. 709, 718, 453 S.E.2d 580, 585 (1995).  The trial court failed to include annual interest income from several large accounts owned by father.  In this appeal, father contends that the trial court erred by attributing to him income from those assets because mother attached them for possible satisfaction of a judgment in a related civil tort action filed on behalf of his son.

Evidence of father's assets was produced at the July 1996 hearing, and incorporated as a whole without objection at the January 30, 1997 hearing.  Father had two interest-bearing accounts valued at approximately $178,000, which earned approximately $416.94 per month in income.

While mother attached these accounts in connection with the pending tort claim she filed on behalf of the parties' son, the record before us is unclear as to the status of the attachment proceeding.  The record shows that in a hearing on July 2, 1996, mother agreed that she would execute whatever documents necessary to release the interest on the two accounts from the attachment so that it could be applied to child support.  At a subsequent hearing on January 30, 1997 in a colloquy with the court, father represented that such release documents had not been signed by mother.  The trial court observed that it had no authority to order funds released in a law action over which it had no

jurisdiction.  The court undoubtedly viewed the interest as income to father and properly observed that the support payments would become a judgment against father, to be satisfied from whatever assets were available.  The trial court further stated that father's lack of access to such funds might well be a valid defense to any future claim of contempt for non-payment of support.

We view the court's reasoning to be that the attachment may or may not be valid.  It represented a mere claim against those assets and, in the absence of a showing that the attachment has been decided adverse to father, the interest income should be imputable to him.  On the record before us, we find no bar to the consideration of such interest as income.

### Determination of Child Support

Father contends that the trial court failed to consider the statutory factors and failed to set out in sufficient detail the grounds for its deviation from the guideline amount of child support.  We find both contentions without support in the record.  The trial court found father's monthly income to be $458, based upon wages of $42 and interest income of $416.  "Gross income" as defined in Code § 20-108.2

> shall mean all income from all sources, and
> shall include, but not be limited to, income
> from salaries, wages, commissions, royalties,
> bonuses, dividends, severance pay, pensions,
> interest, trust income, annuities, capital
> gains, social security benefits except as
> listed below, workers' compensation benefits,
> unemployment insurance benefits, disability
> insurance benefits, veterans' benefits,

spousal support, rental income, gifts, prizes
or awards.

Code § 20-108.2(C) (emphasis added).  The trial court properly included father's interest income from the two interest-bearing accounts in its calculation of father's gross income.

Furthermore, in compliance with the statute, the trial court first calculated the amount of child support presumed to be correct under the guidelines.  Code §§ 20-108.1(B), 20-108.2(A), (B).  Then, in writing, the trial court found that a "deviation from the guidelines is appropriate in light of the demonstrated needs of the child and the inadequacy of the presumptive amount to meet those needs."  The court set the amount of monthly child support at $375.  We find no indication that the trial court failed to follow the statutory requirements, failed to consider the statutory factors, or abused its discretion in determining the amount of the deviation.  See Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

We find no merit in father's contention that the court's limits on his discovery requests deprived him of a fair hearing and due process of law.  Mother introduced evidence of her current income and expenses.  Father, who was a practicing attorney prior to his incarceration, cross-examined her on those expenses.  The trial court considered father's arguments that mother's expenses were inflated, but noted, as conceded by father, that mother's income remained insufficient to cover the expenses for her and the parties' child.  We find no evidence

-5-

that father was deprived due process of law.

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Mother submitted evidence that she incurred an additional $2,000 in attorney's fees. Contrary to father's claim, we find no indication that these expenses were the result of counsel's negligence or wastefulness. Father had assets, including escrowed funds from the sale of the parties' real estate, with which to satisfy the payment. We cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.