Present:  All the Justices

ERIC R. LAWRENCE,
ZONING ADMINISTRATOR, ET AL.

v. Record No. 990030    OPINION BY JUSTICE CYNTHIA D. KINSER
                                    November 5, 1999
JEFFREY G. JENKINS

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
John R. Prosser, Judge

In this appeal, we decide whether an individual requesting documents pursuant to the Virginia Freedom of Information Act (FOIA) is denied rights and privileges conferred by that act when a responding public official chooses to exercise an exemption, redacts the exempt information from the documents, but fails to timely reference the applicable Code section making portions of the requested documents exempt.  We conclude that, in this situation, the requesting individual was not denied rights and privileges under FOIA and that the circuit court therefore erred by issuing a writ of mandamus and ordering release of the exempt information.  Accordingly, we will reverse the judgment of the circuit court.

FACTS

Appellee Jeffrey G. Jenkins submitted a written FOIA request to appellant Eric R. Lawrence, the zoning administrator for Frederick County, pursuant to Code

§§ 2.1-340 through –346.1.[1]  In his request, Jenkins asked

for "all documents with respect to any complaints made

concerning [his] property located at 1631 Redbud Road,

including, but not limited to, the complete original texts

of any such complaints, the identity of the complainants,

and the dates such complaints were made."[2]  The zoning

administrator timely furnished the requested information,

with the exception of the identity of the complainants.  He

redacted that information from the documents.  With regard

to the redacted information, Lawrence stated in his

response to the FOIA request that "the release of the

identity of complainants are [sic] protected and is not

provided for through the Freedom of Information Act."

However, he did not reference the specific Code section

making the identity of the complainants exempt from

disclosure.

---

[1] The General Assembly amended several provisions of
FOIA in 1999.  All references to FOIA in this opinion are
to the provisions in effect before the 1999 amendments.

[2] Jenkins initiated his FOIA request after the zoning
administrator had notified Jenkins that he was violating
Frederick County's zoning ordinances.  Jenkins appealed
that determination to the Board of Zoning Appeals.  While
his appeal was pending, Jenkins brought the use of his
property into compliance with the zoning ordinances and
subsequently withdrew his appeal.  Jenkins was not charged
with the misdemeanor crime of violating the zoning
ordinances.

Jenkins then filed a petition for a writ of mandamus. In that petition, he contended that the zoning administrator must either exercise a specific exemption under FOIA when refusing to disclose information or release the requested information. Accordingly, Jenkins asked the circuit court to order the zoning administrator to produce the requested documents "in an unaltered form."

Shortly before a hearing on the petition, Lawrence advised Jenkins in writing that the redacted information was exempt from disclosure pursuant to Code § 2.1-342(B)(1).[3] Nevertheless, the circuit court concluded that the zoning administrator had not timely invoked an exemption from disclosure pursuant to FOIA and that a violation of that act had therefore occurred. Accordingly, the court issued a writ of mandamus and directed the zoning administrator to release the complete documents to Jenkins. We awarded Lawrence this appeal.

ANALYSIS

The provision of FOIA at issue in this appeal is Code § 2.1-342(A)(3). That section provides that, when a public body is responding to a FOIA request and determines that an

---

[3] Code § 2.1-342(B)(1) provides that "[m]emoranda, correspondence, evidence and complaints related to criminal investigations" are excluded from the provisions of FOIA but "may be disclosed by the custodian in his discretion."

exemption applies to a portion of the requested information, the public body may

> delete or excise that portion of the records to which an exemption applies, but shall disclose the remainder of the requested records and provide to the requesting citizen a written explanation as to why these portions of the record are not available . . . with the explanation making specific reference to the applicable Code sections which make that portion of the requested records exempt.

The public body must respond to the request within five work days.  Code § 2.1-342(A).

Jenkins argues that the zoning administrator did not invoke the exemption provided in Code § 2.1-342(B)(1) because Lawrence failed to reference that specific Code section in his initial response to the FOIA request. According to Jenkins, Code § 2.1-340.1 thus mandates disclosure of the identity of the complainants in this case.  That section, which generally addresses the policy considerations underlying the enactment of FOIA, states that "[u]nless the public body specifically elects to exercise an exemption provided by this chapter or any other statute, . . . all reports, documents and other material shall be available for disclosure upon request."  Jenkins also points out that, when Lawrence did cite Code § 2.1-342(B)(1), the response time of five work days specified in Code § 2.1-342(A) had already expired.  Therefore, he

4

contends that Lawrence's failure to strictly comply with Code § 2.1-342(A)(3) constitutes a denial of his request and a violation of FOIA.

In response to Jenkins' argument, Lawrence acknowledges that, when he initially responded to the FOIA request, he technically violated Code § 2.1-342(A)(3) by failing to refer to the specific Code section making the identity of the complainants exempt from disclosure. He also admits that the response time of five work days had expired when he provided the Code section to Jenkins. Nevertheless, Lawrence asserts, and we agree, that he utilized the exemption contained in Code § 2.1-342(B)(1) by redacting the identity of the complainants from the documents and stating in his initial response that their identity is protected from disclosure under FOIA. Thus, the issue before us is whether the trial court erred in issuing the writ of mandamus and ordering the release of the redacted information solely because the zoning administrator, in electing to exercise an exemption provided in FOIA, failed to timely refer to the specific Code section making that portion of the requested documents exempt.

A writ of mandamus is one of the remedies available under Code § 2.1-346 when a person is denied rights and

5

privileges conferred under the provisions of FOIA.[4]

However, "[a] writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion." Richmond-Greyhound Lines v. Davis, 200 Va. 147, 151, 104 S.E.2d 813, 816 (1958). One of the elements necessary before a writ of mandamus issues is the clear right of the petitioner to the relief being sought. Stroobants v. Fugate, 209 Va. 275, 278, 163 S.E.2d 192, 194 (1968) Thus, a writ of mandamus was appropriate in this case only if Jenkins was denied clearly established rights and privileges under FOIA. We conclude that he was not.

The identity of the complainants, which Lawrence redacted from the documents disclosed to Jenkins, is not the kind of information subject to mandatory disclosure under any provision of FOIA. Rather, that information

---

[4] In addition to issuing a writ of mandamus, a court may also award injunctive relief, reasonable costs, and attorney's fees. Code § 2.1-346. If a court determines that a violation of the provisions of FOIA "was willfully and knowingly made," it shall impose on the offending public official, in an individual capacity, "a civil penalty of not less than $25 nor more than $1,000." Code § 2.1-346.1.

In the present case, Jenkins asked not only for a writ of mandamus but also for an award of costs and attorney's fees and the imposition of a civil penalty. The circuit court issued only the writ of mandamus. Jenkins did not assign cross-error to the court's refusal to grant the other requested relief.

6

comes within the exemption contained in Code § 2.1-342(B)(1).[5]  Consequently, its disclosure is subject to the discretion of the zoning administrator.  Lawrence exercised that discretion and elected to withhold the identity of the complainants.  He redacted that information from the requested documents and then advised Jenkins not only as to the nature of the redacted information but also that it was protected from disclosure under FOIA.

Thus, we conclude that Jenkins received all the information that he was entitled to receive under FOIA.  Lawrence's failure to refer to Code § 2.1-342(B)(1) within five work days did not bring about a denial of any rights or privileges afforded to Jenkins under the provisions of FOIA and did not operate as a waiver of Lawrence's otherwise valid exercise of an applicable exemption.  Cf. Tull v. Brown, 255 Va. 177, 184, 494 S.E.2d 855, 859 (1998) (public official's decision to provide transcript of 911 tape recording did not waive right to deny access to tape itself under applicable exemption).  Accordingly, a writ of mandamus was not an appropriate remedy in this case.  See Stroobants, 209 Va. at 276-77, 163 S.E.2d at 193-194

---

[5] Jenkins has never asserted that the identity of the complainants does not fall within the exemption created in Code § 2.1-342(B)(1).

7

(citing Richmond, Fredricksburg & Potomac Ry. Co. v.

Fugate, 206 Va. 159, 162, 142 S.E.2d 546, 548 (1965)).

For these reasons, we will reverse the judgment of the

circuit court and dismiss Jenkins' petition for a writ of

mandamus.[6]

Reversed and writ denied.

---

[6] Jenkins also asserts that Lawrence failed to preserve the issues that he raises in this appeal. We find no merit in Jenkins' position. The statement of facts certified by the circuit court pursuant to Rule 5:11 includes the zoning administrator's position and argument presented to the circuit court. Thus, the record demonstrates that Lawrence properly preserved his objections.

We also do not need to address Lawrence's other assignment of error.

8