# CIRCUIT COURT OF THE CITY OF NORFOLK

Gary Harki
and The Virginian-Pilot
Media Companies, L.L.C.

v.

Department of Criminal
Justice Services

November 18, 2015

Case No. (Civil) CL15-10637

By JUDGE JOSEPH A. MIGLIOZZI, JR.

On Thursday, November 5, 2015, this Court heard testimony and received evidence in the above-referenced matter. Additionally, the Court heard arguments by counsel for The Virginia Department of Corrections and, separately, by the Virginia Department of State Police on their individual Motions To Intervene pursuant to Rule 3:14.

This case concerns a Freedom of Information Act (FOIA) request by Mr. Gary Harki, a reporter for *The Virginian-Pilot*, to the Virginia Department of Criminal Justice Services (the "Department"). The Department is charged with planning and carrying out programs and initiatives to improve the functioning and effectiveness of the criminal justice system in Virginia.

The Department administers the "T-REX" system, a state-wide database that was created for the purpose of storing training records for officers employed in the Commonwealth of Virginia. The T-REX database contains records for approximately 125,000 current and former state officers, approximately 41,000 of whom are presently employed. It contains the records of the following individuals:

(1) Law enforcement officers;
(2) Jail officers;
(3) Court security/civil process officers;
(4) Dispatch officers;
(5) Department of Corrections officers;
(6) Department of Corrections non-custodial officers;
(7) Court security officers; and

(8) Juvenile corrections officers.

For each individual, the database contains the officer's first name, last name, middle initial, social security number, date of birth, race, gender, level of education, employing agency, job position, rank, certifications, hire date, end date, reason for termination, training history, and the dates upon which the employee is due to complete training requirements. The database does not indicate what type of law enforcement officer, for example, a K9 officer or a homicide detective. The Department is required to administer the database pursuant to Code of Virginia § 9.1-102, but it is not responsible for inputting or verifying the information in the system.

On June 17, 2015, Mr. Harki sent an email to John Colligan, the Department's Director of Finance and Administration, requesting "a copy of the database that keeps track of police officer training." After much correspondence regarding the request, Mr. Colligan turned the matter over to Shannon Dion, the Department's Policy Director. Ms. Dion proposed that an agreement regarding the request should be made between the Department and The Virginian-Pilot. On July 21, 2015, an agreement was drafted by the Department and emailed to Mr. Harki. On August 4, 2015, Mr. Harki emailed a copy of the Agreement, signed by his Editor, to the Department.

The Agreement states that the Department will provide the following to The Virginian-Pilot:

(1) First and last names of current law enforcement officers;

(2) Agencies of employment for each officer;

(3) Hire and end dates at each agency for officers.

In return, The Virginian-Pilot agreed:

(1) Not to publish the database in its entirety;

(2) To only publish a portion of the database information regarding specific officers when it also publishes the names of those officers from a second source;

(3) Not to release or share the database with any other entity;

(4) To indemnify the Department from any claims in law or equity arising from or caused by The Virginian-Pilot and its employees' use of database information.

On August 27, 2015, Mr. Colligan e-mailed Mr. Harki advising him that the Department decided not to release the documents. Mr. Harki replied on September 8, 2015, requesting that the Department identify which exemption under FOIA the Department was citing to withhold the documents. On September 23, 2015, Linda L. Bryant, Deputy Attorney General, sent an e-mail stating that the documents were exempt under Virginia Code § 2.2-3705.

The Virginian-Pilot in its petition argues that this Court issue a Writ of Mandamus to the Department to comply with FOIA and produce the

documents. It argues that the documents which the Department agreed to produce are not covered by the personnel records exemption under Virginia Code § 2.2-3705 and, even if they were, that the negotiated agreement waived any exemption.

The Department in its Demurrer and Motion To Dismiss makes three arguments: (1) that the Department is not the custodian of the records so it lacked authority to enter into the Agreement; (2) that the database contains personnel records that are FOIA exempt; and (3) that the principles of waiver and collateral estoppel cannot bind the Commonwealth, so the agreement is without legal effect.

Furthermore, the Department argues in its Plea in Bar that, since the petitioners did not join all the necessary parties, this Court should decline to adjudicate the merits of this matter. It argues that the personal data for all 125,000 individual employees is at risk if the information is disseminated and their 500 employer-agencies are necessary parties. It further argues that none of the exceptions to join necessary parties apply, and, therefore, asks the Court to sustain the Plea in Bar and to dismiss the Writ of Mandamus.

After hearing the arguments of counsel and reviewing the evidence submitted by all parties, the Court rules as follows.

The Motions To Intervene filed by Virginia Department of State Police and the Virginia Department of Corrections were both individually granted in court on November 5, 2015.

The Department's Plea in Bar is denied. This Court finds that the Department, which maintains training records for all its represented agencies, shares the same interests as those agencies and is, therefore, effectively, the only "necessary" party to this action.

Regarding the Department's argument that it is not "the Custodian of Records" for the material that was requested pursuant FOIA, the Court finds that Virginia Code § 2.2-3704(J) does not apply since the individual agencies did not transfer entire files or records of its employees, but just that information required by Virginia law to be maintained by the Department. Therefore, this Court finds that the Department is in fact the custodian of the unique records sought in this FOIA request.

Regarding the Department's argument that the records subject to this FOIA request are personnel records, this Court ruled on November 5, 2015, that such material does constitute personnel records.

Finally, this Court overrules the Department's Demurrer and grants Plaintiff's Petition for Mandamus and Injunctive Relief. The Department cites in its brief and in its oral argument several opinions that are factually distinguishable from the case in chief, *Lawrence v. Jenkins*, 258 Va. 598 (1999) (Code section not timely cited regarding redacted information), and *Main v. Department of Highways*, 206 Va. 143 (1965) (doctrine of estoppel and waiver do not apply to state when acting in a governmental capacity). Notwithstanding the fact that this Court has made a factual

determination that the records in question constitute personnel records, the Virginia legislature has codified the procedure that a public body must follow when receiving a FOIA request, Virginia Code § 2.2-3704(B). Using this controlling authority as a template, the Department received a request by Mr. Harki for information maintained within personnel records on June 17, 2015. Further email and telephone communication between the two parties, evidenced in the exhibits entered herein, acknowledge that the Department was in fact acting as custodian of said records, purported to have the authority to negotiate a release of said records, executed a written agreement acknowledging its authority and custodianship, and subsequently exceeded the statutory time, twelve days, for which it could claim an exemption. It is obvious from the facts and argument by the intervening parties that represented agencies were not contacted or consulted prior to the Department's reaching this agreement with The Virginia-Pilot. However, as a matter of law, the unique records held by the Department and the authority vested with the Department to negotiate the release of redacted information from those records are subject to Virginia Code § 2.2-3704(B), and the Department clearly failed to timely identify, in writing, an exemption for withholding said records. *See Fenter v. Norfolk Airport Auth.*, 274 Va. 524 (2007).

Therefore, this Court finds that the Department violated Virginia Code § 2.2-3704(B), and this Court orders the Department to comply with the Petitioner's request, as was negotiated and evidenced by the agreement marked herein as Petitioner's Exhibit # 24.